IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEREK TODD,

        Plaintiff,                No. 2:12-cv-00708 MCE KJN PS

    v.

OFFICER DONALD BEVINS;
OFFICER BRAD DEWALL; SOLANO
COUNTY SHERIFF'S DEPARTMENT,

        Defendant.            ORDER and FINDINGS AND
                                                RECOMMENDATIONS
_____/

        Plaintiff, who is proceeding without counsel, filed his complaint on March 21, 2012 (Dkt. No. 1).[1] Presently before the court is plaintiff's application to proceed without prepayment of fees, or in forma pauperis (Dkt. No. 2). For the reasons stated below, the undersigned grants plaintiff's application to proceed in forma pauperis, but recommends that plaintiff's complaint be dismissed. Specifically, the undersigned recommends that plaintiff's claims premised on violations of his due process rights provided by the Fifth and Fourteenth Amendments to the United States Constitution be dismissed with prejudice for failure to state a claim on which relief can be granted. The undersigned further recommends that plaintiff's claim

---

[1] This case proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

alleging violations of his equal protection rights provided by the Fourteenth Amendment be dismissed with leave to amend

I.   Plaintiff's Application to Proceed In Forma Pauperis

Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff's application and declaration make the showing required by 28 U.S.C. §§ 1915(a)(1) and 1915(2). Accordingly, the undersigned grants plaintiff's request to proceed in forma pauperis.

II.   Screening of Plaintiff's Complaint

A.   General Screening Standards

The determination that a plaintiff may proceed in forma pauperis does not complete the inquiry. The court is also required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case filed pursuant to the in forma pauperis statute if, at any time, it determines that the allegation of poverty is untrue, the action is frivolous or malicious, the complaint fails to state a claim on which relief may be granted, or the action seeks monetary relief against an immune defendant.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous if that claim is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pled, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227.

In assessing whether a plaintiff's complaint fails to state a claim on which relief can be granted, the court adheres to the "notice pleading" standards. See, e.g., Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009). The notice pleading standards are codified, in part, in

Federal Rule of Civil Procedure 8(a), which provides:

> **(a) Claim for Relief.**  A pleading that states a claim for relief must contain:
>
> **(1)** a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> **(2)** a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> **(3)** a demand for the relief sought, which may include relief in the alternative or different types of relief.

Additionally, a complaint should be dismissed for failure to state a claim if, taking all well-pleaded factual allegations as true, it does not contain "'enough facts to state a claim to relief that is plausible on its face.'"  See Coto Settlement v. Eisenberg, 593 F.3d 1031, 1034 (9th Cir. 2010) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)).  "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  Caviness v. Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010) (quoting Iqbal, 129 S. Ct. at 1949).  The court accepts all of the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff.  Corrie v. Caterpillar, 503 F.3d 974, 977 (9th Cir. 2007).  The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations."  Paulsen, 559 F.3d at 1071 (citations and quotation marks omitted).  The court must construe a pro se pleading liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in the complaint and give the plaintiff an opportunity to cure them if it appears at all possible that the plaintiff can correct the defects.  See, e.g., Lopez, 203 F.3d at 1130-31.

////

////

3

B.   Plaintiff's Complaint

Plaintiff's complaint alleges claims pursuant to 42 U.S.C. § 1983, premised on alleged violations of plaintiff's rights to due process and equal protection provided by the Fifth and Fourteenth Amendment to the United States Constitution. Briefly stated, plaintiff alleges that between August 13, 2010 and February 29, 2012, he forwarded "numerous evidence packets to the Solano County Sheriff's Department" requesting the prosecution of four individuals who plaintiff describes as "Real Parties In Interest." (Compl. at 1-2.) Plaintiff alleges that the "Solano County Sheriff's Department did not charge the Real Parties in Interest for the crimes they committed, nor did they forward the evidence to the Solano County District Attorney's Office for prosecution." (Id. at 2.) Plaintiff claims that the actions of the Solano County Sheriff's Department and its employees violated plaintiffs' rights to due process and equal protection of the laws.

As an initial matter, plaintiff's due process claim premised on alleged violations of his Fifth Amendment right to due process fails as a matter of law. The Ninth Circuit Court of Appeals has plainly held that "[t]he Due Process Clause of the Fifth Amendment . . . [applies] only to actions of the federal government—not to those of state or local governments." Lee v. City of L.A., 250 F.3d 668, 687 (9th Cir. 2001); see also Bingue v. Prunchak, 512 F.3d 1169, 1174 (9th Cir. 2008) ("The Fifth Amendment's due process clause only applies to the federal government."); Castillo v. McFadden, 399 F.3d 993, 1002 n.5 (9th Cir. 2005) ("The Fifth Amendment prohibits the federal government from depriving persons of due process, while the Fourteenth Amendment explicitly prohibits deprivations without due process by the several States."). Plaintiff's allegations plainly relate to the alleged actions of a local government entity and its officers. Accordingly, the undersigned recommends that plaintiff's Fifth Amendment due process claim be dismissed with prejudice.

Turning to plaintiffs' claimed violations of his due process and equal protection rights under the Fourteenth Amendment, the undersigned concludes that plaintiff has failed to

state a claim on which relief can be granted.  Generally, with respect to individual defendants, "Section 1983 imposes civil liability upon an individual who under color of state law subjects or causes, any citizen of the United States to the deprivation of any rights, privileges or immunities secured by the Constitution and laws." Franklin v. Fox, 312 F.3d 423, 444 (9th Cir. 2002) (citing 42 U.S.C. § 1983). "To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." Long v. County of L.A., 442 F.3d 1178, 1185 (9th Cir. 2006) (citing West v. Atkins, 487 U.S. 42, 48 (1988)); accord Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988) ("To make out a cause of action under section 1983, plaintiffs must plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes" (citation omitted).).

A municipality may be held liable for civil rights violations under Section 1983, but the standards governing the liability of a municipality materially differ from those that govern the liability of individuals who acted under color of state law.  In Monell v. Department of Social Services, 436 U.S. 658, the Supreme Court limited municipal liability and held that "a municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." Id. at 691. Instead, "[l]ocal governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Id. at 690 (footnote omitted).  The Ninth Circuit Court of Appeals has held that in order to establish municipal liability, "the plaintiff must establish: (1) that he [or she] possessed a constitutional right of which he [or she] was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy was the moving force behind the constitutional

1  violation." Miranda v. City of Cornelius, 429 F.3d 858, 868 (9th Cir. 2005) (citation and
2  quotation marks omitted, modification in original); see also Levine v. City of Alameda, 525 F.3d
3  903, 907 (9th Cir. 2008) ("To establish [municipal] liability, a plaintiff must establish that he was
4  deprived of a constitutional right and that the city had a policy, practice, or custom which
5  amounted to 'deliberate indifference' to the constitutional right and was the 'moving force'
6  behind the constitutional violation.") (citing Van Ort v. Estate of Stanewich, 92 F.3d 831, 835
7  (9th Cir. 1996), cert. denied, 519 U.S. 1111 (1997)).

In regards to the due process claim, plaintiff has failed to adequately allege a constitutional violation and, as a result, plaintiff's individual and municipal Section 1983 claims fail. The United States Supreme Court has recognized that "the Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual." DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189, 196 (1989). The Supreme Court has further held that "the benefit that a third party may receive from having someone else arrested for a crime generally does not trigger protections under the Due Process Clause, neither in its procedural nor in its 'substantive' manifestations." Town of Castle Rock v. Gonzales, 545 U.S. 748, 768 (2005). In accord with the Supreme Court's decisions, the Ninth Circuit Court of Appeals has held that the "police have no affirmative obligation to investigate a crime in a particular way or to protect one citizen from another even when one citizen deprives the other of liberty of property." Gini v. Las Vegas Metro. Police Dep't, 40 F.3d 1041, 1045 (9th Cir. 1994) (citing DeShaney, 489 U.S. at 195-96); see also Gomez v. Whitney, 757 F.2d 1005, 1006 (9th Cir. 1985) (per curiam) (stating that "we can find no instance where the courts have recognized inadequate investigation as sufficient to state a civil rights claim unless there was another recognized constitutional right involved.").

Here, plaintiff merely alleges that he provided "evidence packets" to the Solano County Sheriff's Department in the hopes of having the Real Parties In Interest criminally

investigated and charged with crimes.  In essence, plaintiff feels aggrieved by the fact that the Solano County Sheriff's Department and its officers did not investigate or pursue a case in the manner plaintiff desired.  Based on the authorities cited above, plaintiff has not stated a due process claim against the Solano County Sheriff's Department or its officers.  Accordingly, plaintiff's Section 1983 claims premised on a violation of the Fourteenth Amendment's Due Process Clause lacks merit, and the undersigned recommends that such claims be dismissed with prejudice.

The undersigned next addresses plaintiff's claim that defendants violated plaintiff's equal protection rights by not investigating the evidence provided by plaintiff in the manner desired by plaintiff.  "To state a § 1983 claim for violation of the Equal Protection Clause a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class."  Thornton v. City of St. Helens, 425 F.3d 1158, 1166 (9th Cir. 2005) (citation and quotation marks omitted); see also Enquist v. Ore. Dep't of Agric., 553 U.S. 591, 601 (2008) ("Our equal protection jurisprudence has typically been concerned with governmental classifications that affect some groups of citizens differently than others.") (citation and quotation marks omitted).  The court must first identify the defendant's classification of groups, and the "groups must be comprised of similarly situated persons so that the factor motivating the alleged discrimination can be identified."[2]  Thornton, 425 F.3d at 1166-67.

Here, plaintiff has failed to state a plausible equal protection claim.  He has not

---

[2] Additionally, a plaintiff may assert what has been called a "class of one" equal protection claim, which may generally lie where an individual has been irrationally singled out for discrimination by the government.  See Enquist, 553 U.S. at 601 (noting that "an equal protection claim can in some circumstances be sustained even if the plaintiff has not alleged class-based discrimination, but instead claims that she has been irrationally singled out as a so-called 'class of one'"); accord Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (per curiam); N. Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).  To succeed on a "class of one" claim, a plaintiff must demonstrate that the government intentionally treated the plaintiff differently than other similarly situated people and without a rational basis for doing so.  See Gerhart v. Lake County, Mont., 637 F.3d 1013, 1021 (9th Cir. 2011).

7

alleged that defendants acted with an intent or purpose to discriminate against him based on a membership in a protected class.  Indeed, plaintiff has not identified any similarly situated persons that defendants classified as a group with the purpose of treating that group differently.  Instead, plaintiff only alleges that his evidence was disregarded or not pursued by defendants.  Accordingly, plaintiff's equal protection claim is subject to dismissal.

However, in light of the liberality with which the court must treat pro se pleadings, the undersigned recommends that the dismissal of plaintiff's equal protection claim be without prejudice.  There is at least some possibility, even if a remote one, that plaintiff could allege an equal protection claim on the basis of the selective denial of protective police services.  For example, in DeShaney, the Supreme Court noted that "[t]he State may not . . . selectively deny its protective services to certain disfavored minorities without violating the Equal Protection Clause."  489 U.S. at 197 n.3; see also Elliot-Park v. Mangola, 592 F.3d 1003, 1006-07 (9th Cir. 2010) (stating that although law enforcement "officers' discretion in deciding whom to arrest is certainly broad, it cannot be exercised in a racially discriminatory fashion").  Although nothing in plaintiff's complaint, at least as presently pled, suggests that he can state a plausible equal protection claim, the undersigned cannot conclude at this point that there is no such possibility.  Accordingly, plaintiff should be given a final opportunity to allege a plausible equal protection claim.

III.   CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that plaintiff's application for leave to proceed in forma pauperis (Dkt. No. 2) is granted.

It is FURTHER RECOMMENDED that:

1. Plaintiff's complaint be dismissed.

2. Plaintiff's claim alleging violations of his due process rights provided by the Fifth Amendment to the United States Constitution be dismissed with prejudice as to all defendants.

3. Plaintiff's claim alleging violations of his due process rights provided by the Fourteenth Amendment to the United States Constitution be dismissed with prejudice as to all defendants.

4. Plaintiff's claim alleging violations of his equal protection rights provided by the Fourteenth Amendment to the United States Constitution be dismissed with leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also E. Dist. Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. E. Dist. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

DATED: April 11, 2012

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE