IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEREK TODD,

      Plaintiff,                                             No. CIV-S-12-0708-MCE-KJN-PS

      vs.

OFFICER DONALD BEVINS, et al.,

      Defendants.                               ORDER

_____/

      On April 12, 2012, the magistrate judge filed findings and recommendations herein which were served on the parties and which contained notice that any objections to the findings and recommendations were to be filed within fourteen days. Although no formal objections to the findings and recommendations were filed, plaintiff filed a motion for leave to amend his complaint on April 17, 2012. Plaintiff's motion for leave to amend seeks leave to amend that is entirely consistent with the scope of the leave to amend recommended by the magistrate judge and, therefore, plaintiff's motion does not constitute an objection to the magistrate judge's findings and recommendations.

      Accordingly, the Court presumes that any findings of fact are correct. See Orand v. United States, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. See Britt v. Simi Valley Unified School Dist., 708 F.2d 452, 454 (9th Cir.

1

1983).

The Court has reviewed the applicable legal standards and, good cause appearing, concludes that it is appropriate to adopt the Proposed Findings and Recommendations in full.

Accordingly, IT IS ORDERED that:

1. The Proposed Findings and Recommendations filed April 12, 2012 (ECF No. 3), are ADOPTED in full;

2. Plaintiff's complaint is DISMISSED;

3. Plaintiff's claim alleging violations of his due process rights provided by the Fifth Amendment to the United States Constitution is dismissed with prejudice as to all defendants;

4. Plaintiff's claim alleging violations of his due process rights provided by the Fourteenth Amendment to the United States Constitution is dismissed with prejudice as to all defendants; and

5. Plaintiff's claim alleging violations of his equal protection rights provided by the Fourteenth Amendment to the United States Constitution is dismissed with leave to amend, and plaintiff is granted leave to allege an equal protection claim.  Plaintiff shall file his "First Amended Complaint" within thirty (30) days of the date this order is electronically filed. Plaintiff is informed that the Court cannot refer to prior pleadings in order to make an amended complaint complete.  Eastern District Local Rule 220 requires that an amended complaint be complete in itself.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent.").  Accordingly, once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case.

///

///

///

1  Defendants not named in an amended complaint are no longer defendants. Ferdik v. Bonzelet,
2  963 F.2d 1258, 1262 (9th Cir. 1992). "If a plaintiff fails to include dismissed claims in an
3  amended complaint, the plaintiff is deemed to have waived any error in the ruling dismissing the
4  prior complaint." N.Y. City Employees' Retirement Sys. v. Jobs, 593 F.3d 1018, 1024-25 (9th
5  Cir. 2010).

Dated: May 18, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE