1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10  DEREK TODD,

11          Plaintiff,                    No. 2:12-cv-00708 MCE KJN PS

12      vs.

13  DONALD BEVINS et al.,

14          Defendants.                   ORDER AND
                                          FINDINGS AND RECOMMENDATIONS
15  _____/

16          Plaintiff Derek Todd, who is proceeding without counsel and in forma pauperis,

17  originally filed this action under 42 U.S.C. § 1983 on March 21, 2012.  (Dkt. No. 1.)[1]  After

18  screening plaintiff's original complaint pursuant to 28 U.S.C. § 1915, the court dismissed several

19  of plaintiff's claims with prejudice, but granted plaintiff leave to amend to allege a claim for

20  violation of his equal protection rights under the Fourteenth Amendment to the United States

21  Constitution.  (Dkt. Nos. 3, 5.)  Plaintiff then filed the operative first amended complaint, which

22  was subsequently ordered to be served on defendants Officer Donald Bevins, Officer Brad

23  ////

24  ////

25  _____

26      [1]  This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28
    U.S.C. § 636(b)(1).

1

1   DeWall, and the Solano County Sheriff's Department.  (Dkt. Nos. 8, 11.)[2]

2           On August 9, 2012, defendants filed a motion to dismiss the action for failure to

3   state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), noticed for

4   hearing on September 13, 2012.  (Dkt. No. 16.)  Plaintiff filed an opposition to the motion, and

5   defendants filed a reply brief.  (Dkt. Nos. 18, 20.)  At the September 13, 2012 hearing, attorney

6   Kathleen Williams appeared on behalf of defendants and plaintiff failed to appear.[3]

7           The undersigned has fully considered the parties' briefs and appropriate portions

8   of the record.  For the reasons that follow, the undersigned recommends that defendant's motion

9   to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) be granted with prejudice.

10  BACKGROUND

11          The background facts are taken from plaintiff's operative first amended

12  complaint.  (Dkt. No. 8.)  Plaintiff alleges that between August 13, 2010, and February 29, 2012,

13  plaintiff forwarded "numerous evidence packets to the Defendants requesting prosecution of the

14  Real Parties In Interest."  (Dkt. No. 8 at 2.)  According to plaintiff, the "Real Parties In Interest"

15  (individuals named Sondra Hoffman, Lisa Rapalyea, Crystal Archer, and Norma Archer)

16  committed various crimes against plaintiff, including perjury (Cal. Pen. Code § 118); "child

17  abuse conspiracy," "dissuading a witness conspiracy," and "intimidating a witness conspiracy"

18  (Cal. Pen. Code § 182); "falsified court orders" (Cal. Pen. Code § 470); "violated court orders"

19  (Cal. Pen. Code § 166); lying to police officers to have plaintiff falsely imprisoned (Cal. Pen.

20

21          [2]  In ordering service of the first amended complaint, the court noted that it "reserves
22  decision as to plaintiff's claims until the record is sufficiently developed, and this order in no
    way precludes defendants from challenging plaintiff's First Amended Complaint through a
23  timely motion pursuant to Federal Rule of Civil Procedure 12 or other appropriate method of
    challenging plaintiff's pleading."  (Dkt. No. 11 at 2.)

24          [3]  For this reason alone, the court has discretion to grant defendants' motion to dismiss.
25  See E.D. Cal. L.R. 230(i) ("Absent notice of intent to submit the matter on the briefs, failure to
    appear may be deemed withdrawal of the motion or of opposition to the motion, in the discretion
26  of the Court, or may result in the imposition of sanctions").  Nevertheless, as outlined below, the
    court has considered the merits of the motion.

2

1   Code §§ 148.5, 236.1); disability discrimination (Cal. Pen. Code § 422.6); stalking (Cal. Pen.

2   Code § 646.9); and assault (Cal. Pen. Code § 240).[4]   (Dkt. No. 8 at 7-19.)  Plaintiff further

3   alleges that the "Defendants did not charge the Real Parties in Interest for the crimes they

4   committed, nor did they forward the evidence to the Solano County District Attorney's Office for

5   prosecution even though a deputy not a party to this case stated a crime was committed."  (Dkt.

6   No. 8 at 2.)  On that basis, plaintiff contends that defendants violated his equal protection rights

7   under the Fourteenth Amendment to the United States Constitution.  (Id.)[5]

8   DISCUSSION

9        Legal Standard

10        A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6)

11   challenges the sufficiency of the pleadings set forth in the complaint.  Vega v. JPMorgan Chase

12   Bank, N.A., 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009).  Under the "notice pleading" standard

13   of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and

14   plain statement" of plaintiff's claims showing entitlement to relief. Fed. R. Civ. P. 8(a)(2); see

15   also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).  "To survive a motion to dismiss,

16   a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that

17   is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v.

18   Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads

19   factual content that allows the court to draw the reasonable inference that the defendant is liable

20   for the misconduct alleged."  Id.

21        In considering a motion to dismiss for failure to state a claim, the court accepts all

22   of the facts alleged in the complaint as true and construes them in the light most favorable to the

23

24        [4] The citations to the California Penal Code are the citations provided in plaintiff's first
    amended complaint.

25

26        [5] The first amended complaint makes references to various exhibits, but none of these
    exhibits were attached to the first amended complaint.

plaintiff.  Corrie v. Caterpillar, Inc., 503 F.3d 974, 977 (9th Cir. 2007).  The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations."  Paulsen, 559 F.3d at 1071.  The court must construe a pro se pleading liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them if it appears at all possible that the plaintiff can correct the defect.  See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); accord Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (stating that "pro se pleadings are liberally construed, particularly where civil rights claims are involved"); see also Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (stating that courts continue to construe pro se filings liberally even when evaluating them under the standard announced in Iqbal).

    In ruling on a motion to dismiss filed pursuant to Rule 12(b)(6), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice."  Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted).  Although the court may not consider a memorandum in opposition to a defendant's motion to dismiss to determine the propriety of a Rule 12(b)(6) motion, see Schneider v. Cal. Dep't of Corrections, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), it may consider allegations raised in opposition papers in deciding whether to grant leave to amend, see, e.g., Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

### Equal Protection Claims Against Individual Defendants Bevins and DeWall

    In the previous findings and recommendations, which were adopted by the district judge and granted plaintiff limited leave to amend his original complaint, the court, in light of plaintiff's pro se status, carefully set forth the applicable law for stating an equal protection claim under the Fourteenth Amendment.  (See Dkt. Nos. 3, 5.)

4

As the court explained, the United States Supreme Court has observed that "[t]he State may not . . . selectively deny its protective services to certain disfavored minorities without violating the Equal Protection Clause." DeShaney v. Winnebago Cnty. Dep't of Soc. Servs., 489 U.S. 189, 197 n.3 (1989); see also Elliot-Park v. Mangola, 592 F.3d 1003, 1006-07 (9th Cir. 2010) (stating that although law enforcement "officers' discretion in deciding whom to arrest is certainly broad, it cannot be exercised in a racially discriminatory fashion"). "To state a § 1983 claim for violation of the Equal Protection Clause a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." Thornton v. City of St. Helens, 425 F.3d 1158, 1166 (9th Cir. 2005) (citation and quotation marks omitted); see also Enquist v. Ore. Dep't of Agric., 553 U.S. 591, 601 (2008) ("Our equal protection jurisprudence has typically been concerned with governmental classifications that affect some groups of citizens differently than others.") (citation and quotation marks omitted). The first step in equal protection analysis is to identify the defendants' classification of groups, and the "groups must be comprised of similarly situated persons so that the factor motivating the alleged discrimination can be identified." Thornton, 425 F.3d at 1166-67. (See Dkt. No. 3 at 7, 8.)

Additionally, the court noted that a plaintiff may assert what has been called a "class of one" equal protection claim, which may generally lie where an individual has been irrationally singled out for discrimination by the government. See Enquist, 553 U.S. at 601 (noting that "an equal protection claim can in some circumstances be sustained even if the plaintiff has not alleged class-based discrimination, but instead claims that she has been irrationally singled out as a so-called 'class of one'"); accord Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (per curiam); N. Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008). To succeed on a "class of one" claim, a plaintiff must demonstrate that the government intentionally treated the plaintiff differently than other similarly situated people and without a rational basis for doing so. See Gerhart v. Lake County, Mont., 637 F.3d 1013, 1021

1  (9th Cir. 2011).  (See Dkt. No. 3 at 7 n.2.)

2         After outlining the above principles, the court highlighted the deficiencies in

3  plaintiff's equal protection claims in the original complaint, explaining that plaintiff had not

4  alleged that defendants acted with an intent or purpose to discriminate against him based on a

5  membership in a protected class.  The court also stated that plaintiff had not identified any

6  similarly situated persons that defendants classified as a group with the purpose of treating that

7  group differently.  Instead, plaintiff only alleged that his evidence was disregarded or not pursued

8  by defendants.  (Dkt. No. 3 at 7-8.)

9         Presumably in an effort to cure the above-mentioned deficiencies, plaintiff's first

10  amended complaint posits several purported reasons why defendants allegedly discriminated

11  against plaintiff:

12    The [plaintiff] was on a fixed income because he had a disability.
      The Defendant's [sic] may have denied their protective services to
13    the [plaintiff] because he was indigent and disabled.  The
      Defendants knew that the [plaintiff] could not afford legal
14    representation for a civil lawsuit against the Defendants, therefore
      the Defendants denied their protective services....
15
      The [plaintiff] was involved in a family law case in which one of
16    the Real Parties In Interest (Crystal Archer) alleged child abuse by
      the [plaintiff].  The [plaintiff] had no convictions of child abuse,
17    and there were no founded child protective services reports.
      Eventually, the [plaintiff's] son told a police officer that he was
18    never hurt by the [plaintiff].  The [plaintiff] may have become a
      disfavored person to the Defendants when they heard of the child
19    abuse allegations by the Real Parties In Interest....

20    The [plaintiff] was convicted of a lesser assault (pushing) and
      disobeying an officer in an incident in the Solano County
21    courthouse that involved many of the Real Parties In Interest and a
      Solano County deputy not a party to this case...The [plaintiff] may
22    have become a disfavored minority to the Defendants when the
      [plaintiff] was convicted of the two misdemeanors.  The
23    Defendants know and worked with the Solano County deputy that
      the [plaintiff] was convicted of disobeying.
24
      The [plaintiff] may have become a disfavored person to the
25    Defendants when they discovered that the Real Parties In Interest's
      (Crystal Archer) father was a retired police officer.  It is possible
26    that the Real Parties In Interest (Crystal Archer) told the

6

1    Defendants about her father or that the Defendants spoke directly
     with the father about his past occupation.

2
     The [plaintiff] may have become a disfavored person to the
3    Defendants when they discovered that one of the Real Parties In
     Interest's (Sondra Hoffman) father was a retired Solano County
4    local religious leader (Jehova Witness).  The [plaintiff] practiced a
     different religion (Catholic) than the Real Parties In Interest.  It is
5    possible that the Real Parties In Interest (Sondra Hoffman) told the
     Defendants about her father's past political position.

6

7    (Dkt. No. 8 at 20-22.)[6]

8            Whether construed as alleging class-based discrimination based on disability,

9    indigence, religion, politics, or "class of one" discrimination based on prior child abuse

10   allegations, prior convictions, or the status of the Real Parties In Interest and their relatives,

11   plaintiff's allegations are entirely speculative and conclusory.  As an initial matter, the language

12   of the complaint itself is conjectural.  See e.g. Dkt. No. 8 at 20 ("The Defendant's [sic] may have

13   denied their protective services to the [plaintiff] because he was indigent and disabled"); Dkt.

14   No. 8 at 21 ("The [plaintiff] may have become a disfavored person to the Defendants when they

15   heard of the child abuse allegations by the Real Parties In Interest"); Dkt. No. 8 at 22 ("The

16   [plaintiff] may have become a disfavored person to the Defendants when they discovered that the

17   Real Parties In Interest's (Crystal Archer) father was a retired police officer.  It is possible that

18   the Real Parties In Interest (Crystal Archer) told the Defendants about her father or that the

19   Defendants spoke directly with the father about his past occupation.")

20           More importantly, plaintiff fails to make any specific factual allegations regarding

21   defendants Bevins or DeWall.[7]  Plaintiff does not identify any statements, actions, or conduct by

22
              [6] In plaintiff's opposition to defendants' motion to dismiss, plaintiff also stated that
23   "[o]ne of the Real Parties In Interest (Crystal Archer) was an employee of Tehema County
     Superior Court as a Deputy Clerk.  The Defendants denied their protective services to the
24   Plaintiff because of her occupation."  (Dkt. No. 18 at 5.)

25            [7] Indeed, while defendants Bevins and DeWall's names appear in the caption, plaintiff
     generically refers to "Defendants" throughout the body of the first amended complaint.  (See Dkt.
26   No. 8.)

                                                   7

1  these individuals, other than their alleged failure to charge the Real Parties In Interest with

2  crimes, which plausibly suggest that they intentionally discriminated against plaintiff based on

3  indigence, disability, religion, politics, or some other basis, or that they otherwise intentionally

4  singled out plaintiff for disparate treatment.  Plaintiff does not even allege that he had any direct

5  contact or interaction with defendants Bevins or DeWall, and therefore it is unclear how these

6  defendants even knew of plaintiff's alleged indigence, disability, or religion.  Although plaintiff

7  alleged that he was previously convicted of disobeying an officer in the Solano County

8  courthouse, and that defendants Bevins and DeWall knew and worked with that officer, plaintiff

9  fails to allege that defendants Bevins or DeWall actually discussed plaintiff's prior conviction

10 with the other officer or made any mention of it.  (Dkt. No. 8 at 21-22.)

11          Furthermore, plaintiff fails to allege facts demonstrating differential treatment of

12 others similarly situated.  For example, plaintiff does not provide specific facts, beyond mere

13 speculation, supporting his claims that defendants Bevins or DeWall treated him differently from

14 similarly situated persons who were not disabled, not indigent, not Catholic, etc.  Plaintiff's

15 reliance on Elliot-Park is misplaced, because in that case the plaintiff specifically alleged that

16 police officers of Micronesian descent failed to investigate her car accident with an obviously

17 drunk Micronesian driver because the plaintiff was Korean, whereas the police officers

18 investigated another drunk driving incident occurring on the same evening with a Micronesian

19 victim and a non-Micronesian drunk driver.  Elliot-Park, 592 F.3d at 1005-06; see also Gerhart,

20 637 F.3d at 1015 (involving a "class of one" equal protection claim based on denial of a permit

21 for a road approach where at least ten other property owners on the block had previously built

22 unpermitted approaches without consequence, and an outright denial of a permit was rare, if not

23 unprecedented).

24          As discussed above, a court cannot "accept as true allegations that are merely

25 conclusory, unwarranted deductions of fact, or unreasonable inferences."  Sprewell v. Golden

26 State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); see e.g. Doe I v. Wal-Mart Stores, Inc., 572

1   F.3d 677, 683 (9th Cir. 2009) ("Plaintiffs' general statement that Wal-Mart exercised control

2   over their day-to-day employment is a conclusion, not a factual allegation stated with any

3   specificity.  We need not accept Plaintiffs' unwarranted conclusion in reviewing a motion to

4   dismiss.")  For these reasons, plaintiff's equal protection claims against defendants Bevins and

5   DeWall are subject to dismissal.[8]

6           Even though the court is cognizant of the need to construe plaintiff's complaint

7   liberally and to provide plaintiff with an opportunity to cure deficiencies if it appears possible

8   that plaintiff could do so, the court finds that further leave to amend is inappropriate for three

9   primary reasons.  First, as noted above, the court already previously notified plaintiff of the

10   deficiencies in his equal protection claims, provided plaintiff with instruction on the applicable

11   law and requirements for stating a sufficient equal protection claim, and granted plaintiff leave to

12   amend to correct the deficiencies.  Plaintiff's amended complaint failed to cure the highlighted

13   deficiencies.  Second, in his opposition to defendants' motion to dismiss, plaintiff essentially

14   conceded that he had no contact with defendants Bevins or DeWall, stating:

15           The Plaintiff gave the Solano County Sheriff's Department Front
            Desk Clerks evidence packets of the crimes committed against
16           him, and they gave the evidence packets to the Defendants.  The
            Defendants may have not received some of the evidence from the
17           Solano County Sheriff's Department Front Desk Clerks, or some of
            the evidence may have been thrown away by the Solano County
18           Sheriff's Department cleaning crew.  The only way to find out why
            the Defendant's [sic] denied their protective services to the
19           Plaintiff is to hear the Defendant's side of the story through civil
            litigation.

20

21   (Dkt. No. 18 at 2.)  This statement strongly suggests that, even if the court were inclined to grant

22   plaintiff another opportunity to amend, plaintiff would be unable to cure his claim with

23   additional factual allegations, and that further leave to amend would be futile.  See Cahill v.

24   Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).  Third, plaintiff's failure to appear at the

25

26      [8] Plaintiff's opposition also addresses issues of qualified immunity, but defendants did
    not move to dismiss the first amended complaint on the basis of qualified immunity.

1   hearing, of which he clearly had notice given his filing of an opposition, further militates against

2   granting leave to amend.

3           Therefore, the court recommends that plaintiff's equal protection claims against

4   defendants Bevins and DeWall be dismissed with prejudice.

5                   Monell Claim Against Defendant Solano County Sheriff's Department

6           In its previous findings and recommendations, adopted by the district judge, the

7   court also outlined the requirements for stating a claim under 42 U.S.C. § 1983 against a

8   municipal entity.  (Dkt. Nos. 3, 5.)

9           The court explained that a municipality may be held liable for civil rights

10  violations under Section 1983, but that the standards governing the liability of a municipality

11  materially differ from those that govern the liability of individuals who acted under color of state

12  law.  In Monell v. Department of Social Services, 436 U.S. 658, the Supreme Court limited

13  municipal liability and held that "a municipality cannot be held liable *solely* because it employs a

14  tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat*

15  *superior* theory."  Id. at 691.  Instead, "[l]ocal governing bodies . . . can be sued directly under

16  § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be

17  unconstitutional implements or executes a policy statement, ordinance, regulation, or decision

18  officially adopted and promulgated by that body's officers."  Id. at 690 (footnote omitted).  The

19  Ninth Circuit Court of Appeals has held that in order to establish municipal liability, "the

20  plaintiff must establish: (1) that he [or she] possessed a constitutional right of which he [or she]

21  was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate

22  indifference to the plaintiff's constitutional right; and (4) that the policy was the moving force

23  behind the constitutional violation."  Miranda v. City of Cornelius, 429 F.3d 858, 868 (9th Cir.

24  2005); see also Levine v. City of Alameda, 525 F.3d 903, 907 (9th Cir. 2008) ("To establish

25  [municipal] liability, a plaintiff must establish that he was deprived of a constitutional right and

26  that the city had a policy, practice, or custom which amounted to 'deliberate indifference' to the

1  constitutional right and was the 'moving force' behind the constitutional violation.") (citing <u>Van</u>

2  <u>Ort v. Estate of Stanewich</u>, 92 F.3d 831, 835 (9th Cir. 1996)).  (<u>See</u> Dkt. No. 3 at 5-6.)

3          Not only has plaintiff failed to allege a constitutional violation by the individual

4  officer defendants on which to premise a <u>Monell</u> claim against the Solano County Sheriff's

5  Department, but the first amended complaint also contains no allegations regarding any policy,

6  practice, or custom of defendant Solano County Sheriff's Department alleged to be the "moving

7  force" behind the alleged equal protection violations.  In his opposition to defendants' motion to

8  dismiss, plaintiff suggests that the Solano County Sheriff's Department's "policy of how

9  evidence is transferred from the alleged victim to the investigative officer could have contributed

10 to the constitutional violation of the Plaintiff's 14th Amendment right to equal protection of the

11 law." (Dkt. No. 18 at 2.)  Again, this is pure speculation, and there are no facts alleged

12 suggesting that defendant Solano County Sheriff's Department had a policy, practice, or custom

13 amounting to deliberate indifference to plaintiff's constitutional rights.  Therefore, plaintiff's

14 claim against defendant Solano County Sheriff's Department is also subject to dismissal.

15         For the same reasons outlined above, the court concludes that dismissal with

16 prejudice is appropriate.

17 <u>CONCLUSION</u>

18         Accordingly, for the reasons outlined above, IT IS HEREBY RECOMMENDED

19 that:

20         1. Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (dkt. no. 16)

21 be GRANTED.

22              2.  The action be DISMISSED WITH PREJUDICE.

23              3.  The Clerk of Court be directed to close this case.

24         In light of the above-stated recommendations, IT IS HEREBY ORDERED that

25 the status (pre-trial scheduling) conference presently set for November 8, 2012 is VACATED.  If

26 necessary, the court will reset the date of that scheduling conference.

1    These findings and recommendations are submitted to the United States District

2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

3  (14) days after being served with these findings and recommendations, any party may file written

4  objections with the court and serve a copy on all parties.  Such a document should be captioned

5  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

6  shall be served on all parties and filed with the court within fourteen (14) days after service of the

7  objections.  The parties are advised that failure to file objections within the specified time may

8  waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th

9  Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

10    IT IS SO ORDERED AND RECOMMENDED.

11  DATED:  September 14, 2012

12

13  _____
     KENDALL J. NEWMAN
14   UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26