IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEREK TODD,

Plaintiff,

No. 2:12-cv-00708 MCE KJN PS

vs.

DONALD BEVINS et al.,

Defendants.

ORDER AND FINDINGS AND RECOMMENDATIONS

______________________________/

Plaintiff Derek Todd, who is proceeding without counsel and in forma pauperis, originally filed this action under 42 U.S.C. § 1983 on March 21, 2012. (Dkt. No. 1.)[1] After screening plaintiff's original complaint pursuant to 28 U.S.C. § 1915, the court dismissed several of plaintiff's claims with prejudice, but granted plaintiff leave to amend to allege a claim for violation of his equal protection rights under the Fourteenth Amendment to the United States Constitution. (Dkt. Nos. 3, 5.) Plaintiff then filed the operative first amended complaint, which was subsequently ordered to be served on defendants Officer Donald Bevins, Officer Brad

////

////

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

DeWall, and the Solano County Sheriff's Department. (Dkt. Nos. 8, 11.)[2]

On August 9, 2012, defendants filed a motion to dismiss the action for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), noticed for hearing on September 13, 2012. (Dkt. No. 16.) Plaintiff filed an opposition to the motion, and defendants filed a reply brief. (Dkt. Nos. 18, 20.) At the September 13, 2012 hearing, attorney Kathleen Williams appeared on behalf of defendants and plaintiff failed to appear.[3]

The undersigned has fully considered the parties' briefs and appropriate portions of the record. For the reasons that follow, the undersigned recommends that defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) be granted with prejudice.

BACKGROUND

The background facts are taken from plaintiff's operative first amended complaint. (Dkt. No. 8.) Plaintiff alleges that between August 13, 2010, and February 29, 2012, plaintiff forwarded "numerous evidence packets to the Defendants requesting prosecution of the Real Parties In Interest." (Dkt. No. 8 at 2.) According to plaintiff, the "Real Parties In Interest" (individuals named Sondra Hoffman, Lisa Rapalyea, Crystal Archer, and Norma Archer) committed various crimes against plaintiff, including perjury (Cal. Pen. Code § 118); "child abuse conspiracy," "dissuading a witness conspiracy," and "intimidating a witness conspiracy" (Cal. Pen. Code § 182); "falsified court orders" (Cal. Pen. Code § 470); "violated court orders" (Cal. Pen. Code § 166); lying to police officers to have plaintiff falsely imprisoned (Cal. Pen.

---

[2] In ordering service of the first amended complaint, the court noted that it "reserves decision as to plaintiff's claims until the record is sufficiently developed, and this order in no way precludes defendants from challenging plaintiff's First Amended Complaint through a timely motion pursuant to Federal Rule of Civil Procedure 12 or other appropriate method of challenging plaintiff's pleading." (Dkt. No. 11 at 2.)

[3] For this reason alone, the court has discretion to grant defendants' motion to dismiss. See E.D. Cal. L.R. 230(i) ("Absent notice of intent to submit the matter on the briefs, failure to appear may be deemed withdrawal of the motion or of opposition to the motion, in the discretion of the Court, or may result in the imposition of sanctions"). Nevertheless, as outlined below, the court has considered the merits of the motion.

Code §§ 148.5, 236.1); disability discrimination (Cal. Pen. Code § 422.6); stalking (Cal. Pen. Code § 646.9); and assault (Cal. Pen. Code § 240).[4] (Dkt. No. 8 at 7-19.) Plaintiff further alleges that the "Defendants did not charge the Real Parties in Interest for the crimes they committed, nor did they forward the evidence to the Solano County District Attorney's Office for prosecution even though a deputy not a party to this case stated a crime was committed." (Dkt. No. 8 at 2.) On that basis, plaintiff contends that defendants violated his equal protection rights under the Fourteenth Amendment to the United States Constitution. (Id.)[5]

DISCUSSION

Legal Standard

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the pleadings set forth in the complaint. Vega v. JPMorgan Chase Bank, N.A., 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009). Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and plain statement" of plaintiff's claims showing entitlement to relief. Fed. R. Civ. P. 8(a)(2); see also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In considering a motion to dismiss for failure to state a claim, the court accepts all of the facts alleged in the complaint as true and construes them in the light most favorable to the

---

[4] The citations to the California Penal Code are the citations provided in plaintiff's first amended complaint.

[5] The first amended complaint makes references to various exhibits, but none of these exhibits were attached to the first amended complaint.

plaintiff. Corrie v. Caterpillar, Inc., 503 F.3d 974, 977 (9th Cir. 2007). The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Paulsen, 559 F.3d at 1071. The court must construe a pro se pleading liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them if it appears at all possible that the plaintiff can correct the defect. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); accord Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (stating that "pro se pleadings are liberally construed, particularly where civil rights claims are involved"); see also Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (stating that courts continue to construe pro se filings liberally even when evaluating them under the standard announced in Iqbal).

In ruling on a motion to dismiss filed pursuant to Rule 12(b)(6), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted). Although the court may not consider a memorandum in opposition to a defendant's motion to dismiss to determine the propriety of a Rule 12(b)(6) motion, see Schneider v. Cal. Dep't of Corrections, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), it may consider allegations raised in opposition papers in deciding whether to grant leave to amend, see, e.g., Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

Equal Protection Claims Against Individual Defendants Bevins and DeWall

In the previous findings and recommendations, which were adopted by the district judge and granted plaintiff limited leave to amend his original complaint, the court, in light of plaintiff's pro se status, carefully set forth the applicable law for stating an equal protection claim under the Fourteenth Amendment. (See Dkt. Nos. 3, 5.)

As the court explained, the United States Supreme Court has observed that "[t]he State may not . . . selectively deny its protective services to certain disfavored minorities without violating the Equal Protection Clause." DeShaney v. Winnebago Cnty. Dep't of Soc. Servs., 489 U.S. 189, 197 n.3 (1989); see also Elliot-Park v. Mangola, 592 F.3d 1003, 1006-07 (9th Cir. 2010) (stating that although law enforcement "officers' discretion in deciding whom to arrest is certainly broad, it cannot be exercised in a racially discriminatory fashion"). "To state a § 1983 claim for violation of the Equal Protection Clause a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." Thornton v. City of St. Helens, 425 F.3d 1158, 1166 (9th Cir. 2005) (citation and quotation marks omitted); see also Enquist v. Ore. Dep't of Agric., 553 U.S. 591, 601 (2008) ("Our equal protection jurisprudence has typically been concerned with governmental classifications that affect some groups of citizens differently than others.") (citation and quotation marks omitted). The first step in equal protection analysis is to identify the defendants' classification of groups, and the "groups must be comprised of similarly situated persons so that the factor motivating the alleged discrimination can be identified." Thornton, 425 F.3d at 1166-67. (See Dkt. No. 3 at 7, 8.)

Additionally, the court noted that a plaintiff may assert what has been called a "class of one" equal protection claim, which may generally lie where an individual has been irrationally singled out for discrimination by the government. See Enquist, 553 U.S. at 601 (noting that "an equal protection claim can in some circumstances be sustained even if the plaintiff has not alleged class-based discrimination, but instead claims that she has been irrationally singled out as a so-called 'class of one'"); accord Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (per curiam); N. Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008). To succeed on a "class of one" claim, a plaintiff must demonstrate that the government intentionally treated the plaintiff differently than other similarly situated people and without a rational basis for doing so. See Gerhart v. Lake County, Mont., 637 F.3d 1013, 1021

(9th Cir. 2011). (See Dkt. No. 3 at 7 n.2.)

After outlining the above principles, the court highlighted the deficiencies in plaintiff's equal protection claims in the original complaint, explaining that plaintiff had not alleged that defendants acted with an intent or purpose to discriminate against him based on a membership in a protected class. The court also stated that plaintiff had not identified any similarly situated persons that defendants classified as a group with the purpose of treating that group differently. Instead, plaintiff only alleged that his evidence was disregarded or not pursued by defendants. (Dkt. No. 3 at 7-8.)

Presumably in an effort to cure the above-mentioned deficiencies, plaintiff's first amended complaint posits several purported reasons why defendants allegedly discriminated against plaintiff:

> The [plaintiff] was on a fixed income because he had a disability. The Defendant's [sic] may have denied their protective services to the [plaintiff] because he was indigent and disabled. The Defendants knew that the [plaintiff] could not afford legal representation for a civil lawsuit against the Defendants, therefore the Defendants denied their protective services....
>
> The [plaintiff] was involved in a family law case in which one of the Real Parties In Interest (Crystal Archer) alleged child abuse by the [plaintiff]. The [plaintiff] had no convictions of child abuse, and there were no founded child protective services reports. Eventually, the [plaintiff's] son told a police officer that he was never hurt by the [plaintiff]. The [plaintiff] may have become a disfavored person to the Defendants when they heard of the child abuse allegations by the Real Parties In Interest....
>
> The [plaintiff] was convicted of a lesser assault (pushing) and disobeying an officer in an incident in the Solano County courthouse that involved many of the Real Parties In Interest and a Solano County deputy not a party to this case...The [plaintiff] may have become a disfavored minority to the Defendants when the [plaintiff] was convicted of the two misdemeanors. The Defendants know and worked with the Solano County deputy that the [plaintiff] was convicted of disobeying.
>
> The [plaintiff] may have become a disfavored person to the Defendants when they discovered that the Real Parties In Interest's (Crystal Archer) father was a retired police officer. It is possible that the Real Parties In Interest (Crystal Archer) told the

> Defendants about her father or that the Defendants spoke directly with the father about his past occupation.
>
> The [plaintiff] may have become a disfavored person to the Defendants when they discovered that one of the Real Parties In Interest's (Sondra Hoffman) father was a retired Solano County local religious leader (Jehova Witness). The [plaintiff] practiced a different religion (Catholic) than the Real Parties In Interest. It is possible that the Real Parties In Interest (Sondra Hoffman) told the Defendants about her father's past political position.

(Dkt. No. 8 at 20-22.)[6]

Whether construed as alleging class-based discrimination based on disability, indigence, religion, politics, or "class of one" discrimination based on prior child abuse allegations, prior convictions, or the status of the Real Parties In Interest and their relatives, plaintiff's allegations are entirely speculative and conclusory. As an initial matter, the language of the complaint itself is conjectural. See e.g. Dkt. No. 8 at 20 ("The Defendant's [sic] may have denied their protective services to the [plaintiff] because he was indigent and disabled"); Dkt. No. 8 at 21 ("The [plaintiff] may have become a disfavored person to the Defendants when they heard of the child abuse allegations by the Real Parties In Interest"); Dkt. No. 8 at 22 ("The [plaintiff] may have become a disfavored person to the Defendants when they discovered that the Real Parties In Interest's (Crystal Archer) father was a retired police officer. It is possible that the Real Parties In Interest (Crystal Archer) told the Defendants about her father or that the Defendants spoke directly with the father about his past occupation.")

More importantly, plaintiff fails to make any specific factual allegations regarding defendants Bevins or DeWall.[7] Plaintiff does not identify any statements, actions, or conduct by

---

[6] In plaintiff's opposition to defendants' motion to dismiss, plaintiff also stated that "[o]ne of the Real Parties In Interest (Crystal Archer) was an employee of Tehema County Superior Court as a Deputy Clerk. The Defendants denied their protective services to the Plaintiff because of her occupation." (Dkt. No. 18 at 5.)

[7] Indeed, while defendants Bevins and DeWall's names appear in the caption, plaintiff generically refers to "Defendants" throughout the body of the first amended complaint. (See Dkt. No. 8.)

these individuals, other than their alleged failure to charge the Real Parties In Interest with crimes, which plausibly suggest that they intentionally discriminated against plaintiff based on indigence, disability, religion, politics, or some other basis, or that they otherwise intentionally singled out plaintiff for disparate treatment. Plaintiff does not even allege that he had any direct contact or interaction with defendants Bevins or DeWall, and therefore it is unclear how these defendants even knew of plaintiff's alleged indigence, disability, or religion. Although plaintiff alleged that he was previously convicted of disobeying an officer in the Solano County courthouse, and that defendants Bevins and DeWall knew and worked with that officer, plaintiff fails to allege that defendants Bevins or DeWall actually discussed plaintiff's prior conviction with the other officer or made any mention of it. (Dkt. No. 8 at 21-22.)

Furthermore, plaintiff fails to allege facts demonstrating differential treatment of others similarly situated. For example, plaintiff does not provide specific facts, beyond mere speculation, supporting his claims that defendants Bevins or DeWall treated him differently from similarly situated persons who were not disabled, not indigent, not Catholic, etc. Plaintiff's reliance on Elliot-Park is misplaced, because in that case the plaintiff specifically alleged that police officers of Micronesian descent failed to investigate her car accident with an obviously drunk Micronesian driver because the plaintiff was Korean, whereas the police officers investigated another drunk driving incident occurring on the same evening with a Micronesian victim and a non-Micronesian drunk driver. Elliot-Park, 592 F.3d at 1005-06; see also Gerhart, 637 F.3d at 1015 (involving a "class of one" equal protection claim based on denial of a permit for a road approach where at least ten other property owners on the block had previously built unpermitted approaches without consequence, and an outright denial of a permit was rare, if not unprecedented).

As discussed above, a court cannot "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); see e.g. Doe I v. Wal-Mart Stores, Inc., 572

F.3d 677, 683 (9th Cir. 2009) ("Plaintiffs' general statement that Wal-Mart exercised control over their day-to-day employment is a conclusion, not a factual allegation stated with any specificity. We need not accept Plaintiffs' unwarranted conclusion in reviewing a motion to dismiss.") For these reasons, plaintiff's equal protection claims against defendants Bevins and DeWall are subject to dismissal.[8]

Even though the court is cognizant of the need to construe plaintiff's complaint liberally and to provide plaintiff with an opportunity to cure deficiencies if it appears possible that plaintiff could do so, the court finds that further leave to amend is inappropriate for three primary reasons. First, as noted above, the court already previously notified plaintiff of the deficiencies in his equal protection claims, provided plaintiff with instruction on the applicable law and requirements for stating a sufficient equal protection claim, and granted plaintiff leave to amend to correct the deficiencies. Plaintiff's amended complaint failed to cure the highlighted deficiencies. Second, in his opposition to defendants' motion to dismiss, plaintiff essentially conceded that he had no contact with defendants Bevins or DeWall, stating:

> The Plaintiff gave the Solano County Sheriff's Department Front Desk Clerks evidence packets of the crimes committed against him, and they gave the evidence packets to the Defendants. The Defendants may have not received some of the evidence from the Solano County Sheriff's Department Front Desk Clerks, or some of the evidence may have been thrown away by the Solano County Sheriff's Department cleaning crew. The only way to find out why the Defendant's [sic] denied their protective services to the Plaintiff is to hear the Defendant's side of the story through civil litigation.

(Dkt. No. 18 at 2.) This statement strongly suggests that, even if the court were inclined to grant plaintiff another opportunity to amend, plaintiff would be unable to cure his claim with additional factual allegations, and that further leave to amend would be futile. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996). Third, plaintiff's failure to appear at the

[8] Plaintiff's opposition also addresses issues of qualified immunity, but defendants did not move to dismiss the first amended complaint on the basis of qualified immunity.

hearing, of which he clearly had notice given his filing of an opposition, further militates against granting leave to amend.

Therefore, the court recommends that plaintiff's equal protection claims against defendants Bevins and DeWall be dismissed with prejudice.

Monell Claim Against Defendant Solano County Sheriff's Department

In its previous findings and recommendations, adopted by the district judge, the court also outlined the requirements for stating a claim under 42 U.S.C. § 1983 against a municipal entity. (Dkt. Nos. 3, 5.)

The court explained that a municipality may be held liable for civil rights violations under Section 1983, but that the standards governing the liability of a municipality materially differ from those that govern the liability of individuals who acted under color of state law. In Monell v. Department of Social Services, 436 U.S. 658, the Supreme Court limited municipal liability and held that "a municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." Id. at 691. Instead, "[l]ocal governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Id. at 690 (footnote omitted). The Ninth Circuit Court of Appeals has held that in order to establish municipal liability, "the plaintiff must establish: (1) that he [or she] possessed a constitutional right of which he [or she] was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy was the moving force behind the constitutional violation." Miranda v. City of Cornelius, 429 F.3d 858, 868 (9th Cir. 2005); see also Levine v. City of Alameda, 525 F.3d 903, 907 (9th Cir. 2008) ("To establish [municipal] liability, a plaintiff must establish that he was deprived of a constitutional right and that the city had a policy, practice, or custom which amounted to 'deliberate indifference' to the

constitutional right and was the 'moving force' behind the constitutional violation.") (citing Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996)). (See Dkt. No. 3 at 5-6.)

Not only has plaintiff failed to allege a constitutional violation by the individual officer defendants on which to premise a Monell claim against the Solano County Sheriff's Department, but the first amended complaint also contains no allegations regarding any policy, practice, or custom of defendant Solano County Sheriff's Department alleged to be the "moving force" behind the alleged equal protection violations. In his opposition to defendants' motion to dismiss, plaintiff suggests that the Solano County Sheriff's Department's "policy of how evidence is transferred from the alleged victim to the investigative officer could have contributed to the constitutional violation of the Plaintiff's 14th Amendment right to equal protection of the law." (Dkt. No. 18 at 2.) Again, this is pure speculation, and there are no facts alleged suggesting that defendant Solano County Sheriff's Department had a policy, practice, or custom amounting to deliberate indifference to plaintiff's constitutional rights. Therefore, plaintiff's claim against defendant Solano County Sheriff's Department is also subject to dismissal.

For the same reasons outlined above, the court concludes that dismissal with prejudice is appropriate.

CONCLUSION

Accordingly, for the reasons outlined above, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (dkt. no. 16) be GRANTED.

2. The action be DISMISSED WITH PREJUDICE.

3. The Clerk of Court be directed to close this case.

In light of the above-stated recommendations, IT IS HEREBY ORDERED that the status (pre-trial scheduling) conference presently set for November 8, 2012 is VACATED. If necessary, the court will reset the date of that scheduling conference.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

DATED: September 14, 2012

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE